**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JENNIFER K. GODBEHERE** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | |
| **COLLECTCORP CORPORATION** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.      Plaintiff Jennifer K. Godbehere is an adult individual residing at 5310 W. Beryl Avenue, Glendale, AZ 85302.

5.      Defendant Collectcorp Corporation is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 455 N. 3rd Street, Suite 260, Phoenix, AZ 85004. The principal purpose of Defendant is the collection of debts using the

mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired by Bank of America to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Bank of America (hereafter the "debt").

7.      The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.      On or about May 10, 2007, a representative, employee and/or agent from Defendant identifying himself as "Hitram Singh" contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt. During the conversation, Plaintiff agreed to contact Mr. Singh the following day.

9.      In response to the above, on or about May 11, 2007, Plaintiff contacted Mr. Singh. During a message on Mr. Singh's voicemail, Plaintiff stated that she was unable to pay the debt at that time and also directed Defendant not to call her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

10.      Notwithstanding the above, on or about May 11, 2007, Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the conversation, Plaintiff asked Mr. Singh is he had received again informed Defendant that it was not to call her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment. Mr. Singh indicated he was aware of the demand, and Plaintiff reiterated the same. In response, Mr. Singh indicated he would continue to call Plaintiff at her

place of employment and also threatened to contact her family regarding the debt, implying he would disclose the debt to Plaintiff's family in an effort to embarrass Plaintiff into paying the debt.

11.     On or about May 11, 2007, Plaintiff wrote and faxed to Defendant a letter (hereafter the "Cease and Desist Letter") which, *inter alia*, directed Defendant to cease and desist from any and all communications with Plaintiff.

12.     Notwithstanding the above, on or about May 14, 2007, 10:05 a.m., Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

13.     Notwithstanding the above, on or about May 14, 2007, 3:21 p.m., Mr. Singh contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

14.     Notwithstanding the above, on or about May 14, 2007, 5:00 p.m., Mr. Singh contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

15.     Notwithstanding the above, on or about May 15, 2007, 2:32 p.m., Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

16.     Notwithstanding the above, on or about May 15, 2007, 2:35 p.m., a representative, employee and/or agent from Defendant identifying himself as "Mr. Tabo" contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the message on plaintiff's voicemail, Mr. Tabo indicated "this is a follow up, I understand you spoke with Mr. Singh in our

3

office and there's some misunderstanding on this file." Additionally, Mr. Tabo made an open ended threat, stating the "Deal deadline is today."

17.     Notwithstanding the above, on or about May 15, 2007, 2:39 p.m., Mr. Tabo contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During the message on Plaintiff's voicemail, Mr. Tabo stated: "this is a follow up to close your file. I am responsible to close your file. I am responsible for making the final recommendations with my client the deal that you have is today. It is very important that you contact this office."

18.     Notwithstanding the above, on or about May 15, 2007, 3:30 p.m., a representative, employee and/or agent from Defendant identifying himself as "Tony Sozinho" contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

19.     Notwithstanding the above, on or about May 16, 2007, Mr. Sozinho contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate with the Plaintiff at her place of employment when the Defendant knew or had reason to know that such calls were inconvenient to him and that his employer did not permit such calls at her place of employment.

21.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

22.     The Defendant acted in a false, deceptive, misleading and unfair manner by

continuing to communicate directly with Plaintiff with regards to the debt after Plaintiff had notified Defendant in writing to cease further communications.

23.    Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

24.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

25.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

26.    As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  <u>FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA</u>

27.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

5

28.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30.     The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

31.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692c(c), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

      (a)     Communicating with Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient for Plaintiff;

      (b)     Communicating with the Plaintiff at Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications;

      (c)     Contacting Plaintiff after he had notified Defendant in writing to cease contacting him;

      (d)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

      (e)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

      (f)     Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

(g)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

32.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

33.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

## VII.   JURY TRIAL DEMAND

34.     Plaintiff demands trial by jury on all issues so triable.

7

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**


BY:   *s/ Mark D. Mailman*
     JAMES A. FRANCIS, ESQUIRE
     MARK D. MAILMAN, ESQUIRE
     JOANNE Y. PARK, ESQUIRE
     Attorneys for Plaintiff
     Land Title Building, 19th Floor
     100 South Broad Street
     Philadelphia, PA 19110
     (215) 735-8600

DATE:  January 11, 2008